# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52183

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: May 1, 2025 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JOSHUA DAVID GIBSON, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Nancy A. Baskin, District Judge.

Judgment of conviction and unified sentence of fifteen years, with a minimum period of confinement of five years, for trafficking in methamphetamine and concurrent, unified sentence of ten years, with a minimum period of confinement of five years, for grand theft, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

_____

PER CURIAM

Joshua David Gibson pled guilty to trafficking in methamphetamine (I.C. § 37-2732B(a)(4)(A)) and grand theft (I.C. §§ 18-2403(1), 18-2407(1)(b), and 18-2409). In exchange for his guilty pleas, additional charges were dismissed. The district court sentenced Gibson to a unified term of fifteen years, with a minimum period of confinement of five years, for trafficking in methamphetamine and a concurrent, unified term of ten years, with a minimum period of confinement of five years, for grand theft. The district court further ordered that Gibson's

1

sentences be served concurrently with other unrelated sentences. Gibson appeals, arguing that his sentences are excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Gibson's judgment of conviction and sentences are affirmed.